**Henrietta CONNOR (Plaintiff), Respondent,**

v.

**UNITED INSURANCE COMPANY, a Corporation (Defendant), Appellant.**

No. 29886.

St. Louis Court of Appeals.

Missouri.

May 6, 1958.

Motion for Rehearing or to Transfer to Supreme Court Denied June 6, 1958.

John D. Gallagher, Samuel J. Goldenhersh, Goldenhersh, Goldenhersh, Koebel & Gallagher, St. Louis, for appellant.

N. Murry Edwards, Ninian M. Edwards, St. Louis, for respondent.

HOUSER, Commissioner.

Action by Henrietta Connor, beneficiary, against United Insurance Company to recover the proceeds of a policy issued by defendant insuring the life of plaintiff's daughter, Leanner Reed. A jury in the Circuit Court of the City of St. Louis returned a verdict for plaintiff for $1,000 (the face amount of the policy), $100 for vexatious delay, $750 attorneys' fees and $75 interest, aggregating $1,925. Defendant has appealed on the ground that the court erred in failing to direct a verdict for defendant and in giving Instructions Nos. 1 and 2.

The petition was in conventional form. Defendant filed a general denial.

Defendant's first point is that the court erred in not directing a verdict for defendant at the close of all the evidence for breach of contract on the part of plaintiff in failing to comply with a condition in Section 9, subsection 3, page 2, of the policy that

"if the insured within two years before the date hereof has received institutional hospital, medical or surgical treatment or attention, and the insured or any claimant under this policy fails to show that the condition, indicating such treatment or attention was not of a serious nature or was not material to the risk and in any case heretofore mentioned from the date of this policy for one year, if that is in the contract the company may declare this policy void either before or after death of the insured unless such case is waived by the company."

Defendant argues that it showed by uncontradicted medical testimony that within two years prior to the issuance of the policy deceased was suffering from a serious condition for which she was hospitalized and which ultimately caused her death (disease of the lung) and that plaintiff did not go forward with proof, as required by the voidability clause, that the condition was not of a serious nature or was not material to the risk.

Under this record there was no error in overruling defendant's motion for a directed verdict. The voidability clause imposed a condition by which liability would be defeated if plaintiff failed to sustain the burden of proving that the treatment or attention was not of a serious nature or was not material to the risk. Brown v. Metropolitan Life Ins. Co., 236 Mo.App. 315, 151 S.W.2d 499. For such condition to be relied upon as a defense, however, it had to be pleaded. "Exemptions, exceptions, warranties, conditions, and other provisions undertaking to cut down, limit, or defeat liability, or to forfeit the insurance, must be pleaded, if relied upon as defenses by the insurer." Shapiro v. American Surety Co. of New York, Mo.App., 259 S.W. 502, and cases cited; Friedman v. State Mut. Life Assur. Co. of Worcester, Mass., Mo.App., 108 S.W.2d 156; Boillot v. Income Guaranty Co., 231 Mo.App. 990, 83 S.W.2d 219; Parker v. Atlanta Life Ins. Co., Mo.App., 112 S.W.2d 885; Whited v. Guarantee Trust Life Ins. Co., Mo.App., 237 S.W.2d 915. Defendant did not plead facts invoking the voidability clause as an affirmative defense. Defendant merely pleaded a general denial. The defense, therefore, was not available to defendant unless the issue was tried by the express or implied consent of the parties. See Section 509.500 RSMo 1949, V.A.M.S. It was not so tried. Defendant's offer of the voidability clause and of the deposition of the attending physician was strenuously objected to by plaintiff's counsel on the specific ground that the defense was not pleaded and that accordingly defendant was not entitled to invoke it. Plaintiff at no time waived the objection. The evidence was inadmissible under the issues framed by the pleadings. (The trial court gave defendant an opportunity during the trial to amend its answer so as to set up the affirmative defense based upon the voidability clause but defendant declined to amend.) Plaintiff made a prima facie case by showing that policy No. B 6806474, on which suit was filed, providing $1,000 insurance on the life of plaintiff's daughter, naming plaintiff as beneficiary, was issued by defendant and went into effect in June, 1955; that plaintiff continued to make payment of premiums thereon until the death of insured; that insured died January 6, 1956, demand and refusal to pay. The defense based upon the voidability clause not having been pleaded and the evidence in support of that defense therefore not having been admissible, the court did not err in overruling defendant's motion for a directed verdict. On the state of the record

as it comes here it would have been error for the trial court to sustain the motion.

■ Defendant's second point is that the court erred in giving Instruction No. 1 because it assumed a material and contested issue of fact and did not require the jury to find that deceased was insured by the policy upon which suit was filed and that said policy was in full force and effect at the time of insured's death. Instruction No. 1 follows:

"The Court instructs the jury that if you find and believe from the evidence that Leanner Reed, the insured, died on January 6, 1956, then you will find for the plaintiff and against the defendant and allow the plaintiff the sum of $1,000.00 and in addition thereto, you may allow the plaintiff 6% interest per annum on $1,000.00 from January 6, 1956, to the present time."

This point must be sustained. The defense of lapse and forfeiture of a life insurance policy for non-payment of premiums is an affirmative defense, Wilson v. Kansas City Life Ins. Co., 233 Mo.App. 1006, 128 S.W. 2d 319; Parker v. Atlanta Life Ins. Co., supra, which must be specially pleaded. Rieger v. London Guarantee & Accident Co. of London, England, 202 Mo.App. 184, 215 S.W. 920, loc. cit. 928; Shaw v. Mutual Protective Ins. Co., Mo.App., 9 S.W.2d 685, loc. cit. 687; 46 C.J.S. Insurance § 1297 b. Defendant did not plead this defense. Defendant simply filed a general denial. If proper and timely objection had been made, defendant's evidence of lapse would have been inadmissible under the pleadings. Although not developed in the pleadings the issue of whether policy No. B 6806474 was in full force and effect on January 6, 1956 or had lapsed was fully litigated at the trial. Both parties treated the question of lapse as an issue in the case. Both parties took directly contradictory positions with respect to the payment or non-payment of premiums on the policy sued upon, and as to the question of which policy (No. B 6806474 or No. B 6968959) was in effect at the time of insured's death. Plaintiff testified that she applied for and had issued to her one policy and one policy only and that she continued to pay premiums on that policy and "never missed it once from then on." She sued on policy No. B 6806474, which she claimed had not lapsed but was in full force at the time of her daughter's death, and she denied that any other policy was ever applied for or issued by defendant on the life of her daughter. After defendant's agent testified that Leanner Reed signed an application in St. Louis on October 27, 1955 for a second policy plaintiff took the stand in rebuttal and denied that her daughter was ever in St. Louis after June 9, 1955 or that plaintiff ever saw her daughter alive after the latter date. Directly contradicting plaintiff's position defendant introduced oral and documentary evidence that policy No. B 6806474, issued June 27, 1955, lapsed for non-payment of premiums; that the last payment of premiums was made on August 8, 1955, and that it was thereafter cancelled by defendant; that a second application was made by Leanner Reed in St. Louis on October 27, 1955 and that a new policy No. B 6968959 was issued on October 31, 1955. Defendant's counsel stated in open court that policy No. B 6968959 was in effect at the time of insured's death and that the premiums thereon had been paid. When this oral and documentary evidence of lapse was offered plaintiff did not object upon the ground that the defense of lapse was not pleaded, or upon any other ground. After it was admitted plaintiff did not move to strike it out. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Section 509.500, supra. We treat the answer as having been amended to allege lapse of policy No. B 6806474 for non-payment of premiums. Scott v. Missouri Ins. Co., Mo.App., 246 S.W.2d 349; Schroeder v. Zykan, Mo.App., 255 S.W.2d 105. Instruction No. 1 required no finding of fact other than that insured died on Jan-

uary 6, 1956. It failed to require a finding on the contested issue of fact whether policy No. B 6806474 lapsed in August, 1955 or continued in full force and effect until the time of insured's death, an issue which had to be found in plaintiff's favor before the jury would have been authorized to return a verdict for plaintiff. Under No. 1 the jury could have returned a verdict for plaintiff upon finding that insured died on January 6, 1956 even though the jury may have believed that policy No. B 6806474 had lapsed on August 8, 1955. The giving of an instruction purporting to cover the whole case and directing a verdict but omitting a necessary element of the plaintiff's case is reversible error. Scott v. Missouri Ins. Co., supra.

 Plaintiff claims that the omission was immaterial since the evidence of both parties showed that at the time of insured's death she was covered by a $1,000 insurance policy which was in full force and effect; that defendant's counsel openly conceded that new policy No. B 6968959, issued October 31, 1955, was in full force and effect on January 6, 1956; that the only difference between the parties was the time of inception of coverage and that there was no dispute that the deceased was in fact insured at the time of her death; that in effect there was a substitution of the October policy for the June policy and that the parties tried the case as if the October policy was a duplicate issuance or continuation of the insurance afforded by a lost policy. The record does not support this claim. This is a new position, conflicting with plaintiff's position at the trial, at which plaintiff pursued a consistent theory of liability under policy No. B 6806474 and denied the existence of policy No. B 6968959. Plaintiff cannot, on this record, sue on one policy and recover on another.

 Defendant's third point is that the court erred in giving Instruction No. 2, which authorized the jury to inflict penalties for alleged vexatious refusal to pay the claim. Since the judgment must be reversed for the reason heretofore given we need not determine upon this record whether the judgment must be reversed for yet another reason. For the guidance of the trial court, however, we point out that if on a new trial there is substantial evidence of lapse of the policy the question of penalties should not be submitted. Medling v. Abraham Lincoln Life Ins. Co., 225 Mo.App. 1243, 41 S.W.2d 6; Smith v. Atlanta Life Ins. Co., Mo.App., 102 S.W.2d 757; Howard v. Aetna Life Ins. Co., 350 Mo. 17, 164 S.W.2d 360.

 Plaintiff has filed a motion to assess damages for vexatious appeal under Section 512.160 RSMo1949, V.A.M.S. This motion is based in part upon failure of defendant to file a proper transcript, in that it omitted all post-verdict proceedings. Prior to the hearing defendant-appellant, on motion, was permitted to file a supplemental transcript in which the omissions have been supplied. The motion further alleges that the appeal is frivolous because the defenses sought to be established are affirmative and were required to be but were not pleaded. The defense based upon the voidability clause was not pleaded and had no place in the trial of the issues formed by the pleadings upon which this case was tried but, as indicated, the issue of whether the policy lapsed was squarely in the case. The appeal was meritorious, not vexatious, as is evident upon consideration of the error in giving Instruction No. 1.

Accordingly, the motion for damages for vexatious appeal should be overruled, and the judgment of the circuit court should be reversed and the cause remanded for a new trial.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The motion for damages for vexatious appeal is, accordingly, overruled, and the

judgment of the circuit court reversed and the cause remanded for a new trial.

RUDDY, P. J., ANDERSON, J., and JOHN K. REGAN, Special Judge, concur.

On Respondent's Motion for Rehearing or to Transfer Cause to Supreme Court

PER CURIAM.

In her motion for rehearing plaintiff points out that the supplemental transcript does not contain a copy of the judgment rendered in the trial court. Pursuant to 42 V.A.M.S. Supreme Court Rule 1.03 we ordered that the clerk of the trial court send up the original judgment, which has been filed. The judgment, now a part of the record of this court, is in due form.

We have carefully considered but find no merit in the six other grounds set forth in the motion, and accordingly overrule the same.

RUDDY, P. J., ANDERSON, J., and JOHN K. REGAN, Special Judge, concur.